**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| HARVEY MAPP, | : | CIVIL ACTION NO. |
| Jefferson Cnty. ID # 401334, | : | 1:13-CV-03812-WSD-JCF |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM EVANS, | : | HABEAS CORPUS |
| Respondent. | : | 28 U.S.C. § 2254 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

On November 15, 2013, the Clerk docketed a two-page letter from Petitioner as a 28 U.S.C. § 2241 habeas corpus petition.[1] (Doc. 1). Rule 4 of the Rules Governing Section 2254 Cases allows for summary dismissal of a habeas petition that plainly reveals that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face"). Because it is apparent from Petitioner's pleadings that he has not

---

[1] Petitioner, who is currently incarcerated in Jefferson County, Georgia, states in his letter that he was detained on a probation violation from July 8, 2012 until April 15, 2013, but "has not received credit for the time [he] served in jail." (Doc. 1 at 1). He claims that the "[t]rial court erred in imposing [a] greater sentence and in refusing to give [him] credit for time served on probation." (*Id.* at 2). He provides no further details about his probation violation or his current circumstances. In an order entered on November 26, 2013, the Court noted that Jefferson County is not located within the Court's jurisdiction and therefore venue for Petitioner's claims might not be proper here. (Doc. 2 at 1). The Court ordered Petitioner "to complete and submit a 28 U.S.C. § 2254 habeas corpus petition explaining in detail his current situation, the relief he seeks, whether he has attempted to exhaust his state court remedies, and the location and circumstances of his original conviction and of his probation revocation." (*Id.* at 1-2).

exhausted his available state court remedies through one complete round of Georgia's appellate review process, **IT IS RECOMMENDED** that his habeas corpus petition be **DISMISSED without prejudice**.

On December 2, 2013, the Clerk docketed Petitioner's motion for jail time credit. (Doc. 3). On December 3, 2013, Petitioner signed and filed a § 2254 habeas corpus petition challenging his April 16, 2013 convictions in Henry County, Georgia, for obstruction of law enforcement officers and related crimes, for which he received a two-year sentence. (Doc. 5 at 1). Petitioner raises two claims for relief: (1) his "conviction[s were] obtained by [a guilty] plea . . . unlawfully induced or not made voluntarily with [his] understanding of the nature of the charge[s] and the consequences of the plea"; and (2) his convictions are "unreasonable" because the "time [he] spent in jail awaiting his probation revocation hearing [was not, as it should have been,] credited against the term of incarceration under this sentence." (*Id.* at 5-6).

Petitioner acknowledges that the only relief he sought in state court after the entry of his guilty plea was via a "formal letter" to the Superior Court of Henry County requesting credit for jail time served. (*Id.* at 1-4). That court denied his request:

> The Court is in receipt of your correspondence in which you request credit toward your sentence for time you spent in jail awaiting your probation revocation hearing. The record shows that you were arrested for

2

a new charge. Since you were jailed for the new charge, you are not entitled to credit toward your previous sentence.

(Doc. 4 at 7).

A district court may not grant a habeas corpus petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A)-(B). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas corpus petition. 28 U.S.C. § 2254(c). Although the Supreme Court has rejected a strict interpretation of § 2254(c), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (same, citing *Boerckel*).

Petitioner acknowledges that before seeking relief in federal court he did not exhaust his state court remedies through one complete round of Georgia's appellate

3

review process, claiming "ignorance of the law." (*See* Doc. 5 at 1-4, 6-7). "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." *Reedman v. Thomas*, 305 Fed. Appx. 544, 546 (11th Cir. 2008) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *see Wright v. Oubre*, 768 F. Supp. 2d 1277, 1282-83 (N.D. Ga. 2011) (concluding that because habeas petition was not "mixed," i.e., because none of petitioner's federal habeas claims were exhausted, the stay and abeyance procedure established in *Rhines v. Weber*, 544 U.S. 269 (2005), did not apply); *see also Clay v. Jones*, 491 Fed. Appx. 935, 935-36 (10th Cir. 2012) (rejecting petitioner's argument that "he did not understand the tolling and exhaustion issues because he has no legal training or access to legal assistance," and noting that "it is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse" the failure to comply with procedural requirements (internal quotations omitted)). Petitioner's federal habeas petition should be dismissed without prejudice for lack of exhaustion.

A state prisoner must obtain a certificate of appealability (COA) before appealing the denial of his federal habeas petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable

4

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* . . . whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotations omitted).  Because jurists of reason would not find it debatable that Petitioner's federal habeas petition should be dismissed for lack of exhaustion, a certificate of appealability is not warranted here.

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DISMISS without prejudice** the petition for writ of habeas corpus (Docs. 1, 5), **DENY** the motion for jail time credit (Doc. 3), and **DENY** Petitioner a certificate of appealability.

5

Petitioner's application for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED** for the purpose of dismissal only.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED and DIRECTED** this 31st day of December, 2013.

                    /s/ *J. CLAY FULLER*
                    J. CLAY FULLER
                    United States Magistrate Judge

AO 72A
(Rev.8/82)