IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HARVEY MAPP,

             Petitioner,

v.                                1:13-cv-3812-WSD

WILLIAM EVANS,

             Respondent.

## OPINION AND ORDER

This matter is before the Court on Petitioner's objections [10] to Magistrate Judge J. Clay Fuller's Final Report and Recommendation [8] ("R&R"), which recommends that this action be dismissed without prejudice because Petitioner did not exhaust his state court remedies. The Magistrate Judge also recommended that Petitioner's Motion for Jail Time Credit [3] be denied.

## I.  BACKGROUND[1]

Petitioner Harvey Mapp ("Petitioner"), proceeding *pro se*, is incarcerated in Jefferson County, Georgia. On December 16, 2013, Petitioner filed his Petition

---

[1] The facts are taken from the R&R and the record. Petitioner has not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

pursuant to 28 U.S.C. § 2254 (the "Petition") challenging his April 16, 2013, convictions in Henry County, Georgia.[2]  On April 16, 2013, Petitioner received a two-year sentence for his convictions: (i) on Counts 1, 2, and 3, for obstruction of law enforcement officers; (ii) on Counts 4 and 5, for obstruction of emergency medical personnel; (iii) on Count 6, for criminal interference with government property; and (iv) on Count 7, for giving a false name.  ([5] at 1).

The Petition raises two claims for relief: (1) that his "conviction[s] [were] obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea"; (2) that his convictions are "unreasonable" because the "time [he] spent in jail awaiting his probation revocation hearing [was not, as it should have been] credited against the term of incarceration under this sentence."  ([5] at 5-6).

---

[2]  On November 15, 2013, Petitioner sent a letter [1] which the Clerk of Court construed as his petition for habeas corpus under 28 U.S.C. § 2241.  In it, Petitioner stated that he was detained on a probation violation from July 8, 2012, until April 15, 2013, but "has not received credit for the time [he] served in jail."  ([1] at 1).  He claims that the "[t]rial court erred in imposing [a] greater sentence and in refusing to give [him] credit for the time served on probation."  (Id. at 2).  In the letter, Petitioner did not provide any details about his probation violation or his current circumstances.  On November 26, 2013, the Magistrate Judge ordered Petitioner to "complete and submit a 28 U.S.C. § 2254 habeas corpus petition explaining in detail his current situation, the relief he seeks, whether he has attempted to exhaust his state court remedies, and the location and circumstances of his original conviction and of his probation revocation."  ([2]).

In the Petition, Petitioner acknowledges that the only relief he sought in state court, after the entry of his guilty plea, was via a "formal letter" he sent to the Superior Court of Henry County requesting credit for jail time served. (Id. at 3). On October 29, 2013, the Superior Court of Henry County denied Petitioner's request.[3] Petitioner did not appeal this decision to deny his request for jail time served. (Id. at 3). Petitioner also did not appeal his conviction in the appellate court. The Petition acknowledges that, before seeking relief in federal court, he did not exhaust his state court remedies through one complete round of Georgia's review process, claiming his "ignorance of the law." (Id. at 1-4, 6-7).

On December 31, 2013, the Magistrate Judge issued his R&R, reviewing the Petition under Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"), recommending that the Petition be dismissed without prejudice because it "plainly reveals that relief is not warranted." On this ground, the Magistrate Judge recommended that Petitioner's Motion for Jail Time Credit [3] be denied. The Magistrate Judge also recommended that the Court not grant Petitioner a certificate of appealability ("COA").

---

[3] The letter denying Petitioner's request acknowledged that "the record shows that [Petitioner] [was] arrested for a new charge" and "since [he] [was] jailed for the new charge, [he] [is] not entitled to credit toward [Petitioner's] previous sentence." ([4] at 7).

On January 9, 2014, Petitioner filed his "Order for Written Objections of Report and Recommendation of United States Magistrate Judge," which the Court construes as his objections [10] to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Petitioner does not assert any specific objections to the R&R.  In his "objections," Petitioner actually seems to agree with the Magistrate Judge's findings and recommendations.  He asserts that "for the record, it shows that as [he] has stated, he is ignorant of the law and does not understand certain law terms

or terminologies of the law." (Obj. at 2). He further explains that he would have made efforts to exhaust his available state court remedies if he "had known these fact(s)." (Id.). Petitioner states that, after reviewing the R&R, his need to exhaust his state court remedies "has been clearly explained to [him] as [sic] this day." (Id.). A valid objection must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989); see also Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (noting that "[p]arties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."). Plaintiff's assertions do not constitute valid objections and thus the Court reviews the R&R for plain error.

B. <u>Analysis</u>

A federal court cannot grant habeas relief unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Before seeking federal habeas corpus relief, "[s]tate prisoners must give the state

courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010).

The Magistrate Judge found that Petitioner has not sought state habeas corpus relief, and that he still has state court remedies available to him.[4] Petitioner must exhaust his state court remedies before the Court can consider whether to grant the federal habeas relief that Petitioner is seeking under Section 2254. See Ali v. State of Fla., 777 F.2d 1489, 1490 (11th Cir. 1985) (affirming dismissal of federal habeas petition "[b]ecause it is clear that the state is asserting exhaustion as a defense, and because it is clear that [the petitioner] did not exhaust available state remedies"). The Court finds no plain error in this finding.[5]

---

[4] A detainee in Georgia may seek a writ of habeas corpus to challenge the legality of her confinement. See O.C.G.A. § 9-14-1(a) ("Any person restrained of his liberty under any pretext whatsoever . . . may seek a writ of habeas corpus to inquire into the legality of the restraint."). Georgia permits a petitioner, whose habeas petition is not granted, to appeal the denial of habeas relief. See O.C.G.A. § 5-6-34(a)(7).

[5] Because Petitioner still has available state court remedies, the Magistrate recommended that Petitioner's Motion for Jail Time Credit [3] be denied. The Court finds no plain error in this finding and recommendation.

The Magistrate Judge recommended that a COA not be issued because reasonable jurists could not disagree that the Petition is required to be dismissed based on lack of exhaustion.[6]  See Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (noting that, when a habeas petition is dismissed on procedural grounds, "without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim . . . *and* . . . whether the district court was correct in its procedural ruling").  The Court finds no plain error in the Magistrate Judge's findings or recommendations.

## III.  CONCLUSION

Accordingly, and for the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Objections [10] are **OVERRULED**.

---

[6]  A state prisoner must obtain a COA before appealing the denial of his federal habeas petition.  See 28 U.S.C. § 2253(c)(1)(A); Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).  A district court "must issue or deny a Certificate of Appealability when it enters a final order adverse to the appellant."  See R. Governing § 2254 Cases 11.  A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS FURTHER ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [8] is **ADOPTED**, and the Petition is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Jail Time Credit [3] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 5th day of August, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE